OPINION
On June 11, 1998, appellees, Leroy Schumacher and Betty Schumacher, filed a petition for the annexation of 9.62 acres of land in Jackson Township, Ohio, to the city of Massillon, Ohio. Appellees are two of the three landowners within the 9.62 acres. The petition was filed with the Board of Stark County Commissioners (hereinafter "Board") by Aane Aaby as agent for appellees. A hearing before the Board was held on August 25, 1998. By resolution dated November 17, 1998, the Board denied the petition for annexation. On December 3, 1998, appellees filed an appeal in the Court of Common Pleas of Stark County, Ohio. On December 22, 1998, appellant, the Board of Trustees of Jackson Township, filed a motion to intervene. By judgment entry filed January 22, 1999, the trial court granted said motion. By judgment entry filed July 8, 1999, the trial court reversed the Board's decision. The trial court ordered the annexation approved. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN FINDING THAT THE BOARD OF STARK COUNTY COMMISSIONERS' RULING THAT THE GOOD OF THE TERRITORY SOUGHT TO BE ANNEXED WOULD NOT BE SERVED IF THE PETITION IS GRANTED WAS NOT SUPPORTED BY A PREPONDERANCE OF SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE.
 II EVEN IF THIS COURT FINDS ISLANDS CANNOT BE CONSIDERED UNDER THE GENERAL GOOD QUESTION, THE TERRITORY INCLUDED IN THE ANNEXATION TERRITORY IS UNREASONABLY LARGE.
Preliminarily, we will address appellees' argument that appellant should be barred from arguing the issue of unreasonable size because it was not addressed at the trial court level. In its resolution, the Board denied the annexation petition finding "[t]he good of the territory sought to be annexed will not be served if the petition is granted." Following this finding, the Board made a reference to "Exhibit A." Exhibit A attached to the resolution is the minutes from the Board's discussion, deliberation and vote on the petition. Included in the vote are statements by both Commissioner Jackson and Commissioner Watkins voicing their concerns that the proposed annexation would create islands of township lands within the city of Massillon. In its judgment entry filed July 8, 1999, the trial court specifically addressed the issue of islands as follows: It is clear that the Commissioners were under the impression that the Ohio Revised Code prohibits or discourages the creation of islands. In fact, they state so on at least eight different occasions. However, the Ohio Revised Code does not directly address the issue, and a review of the case law reveals that `while islands are generally discouraged, their existence alone will not defeat a petition for annexation as long as the decision to create them was not unreasonable, illogical or arbitrary.' Jefferson Twp. Bd. Of Trustees v. Smith (1992), 28 Ohio App.3d 493, 499. The Court finds that the creation of an island in the instant case was not unreasonable, illogical or arbitrary since the creation of an island in order to exclude certain other property owners who do not wish to be included in the annexation is permitted. Findelman v. Franklin Township Trustees, 1994 WL 695474 (Ohio App. 12 Dist.). Furthermore, `It is not unusual to find an "island" densely populated and entirely surrounded by a municipality.' Dabkowski v. Baumann (1963), 175 Ohio St. 89, 92.
The issue of islands created by annexation speaks directly to the unreasonable, illogical or arbitrary nature of the annexation and indirectly bears on the issue of unreasonable size. We therefore conclude appellant may argue the issues of unreasonable size and the creation of islands in the appeal sub judice.
 I, II
Appellant claims the trial court erred in finding the general good of the territory would be served with the annexation of the 9.62 acres and the creation of islands did not make the subject property unreasonably large. We disagree. The scope of our review of appeals from orders of administrative officers and agencies is set forth in R.C. 2506.04 as follows: The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.
R.C. 709.03.3 provides the scope and nature in allowing an annexation by a board of county commissioners. A board of county commissioners shall allow an annexation petition if it finds "[t]he territory included in the annexation petition is not unreasonably large; the map or plat is accurate; and the general good of the territory sought to be annexed will be served if the annexation petition is granted." R.C. 709.03.3(E). Before we begin our review sub judice, it is important to note what is not in dispute. There is no challenge to the ability of the city of Massillon to provide the necessary services to the 9.62 acres nor is there a challenge to the fact that the property is adjacent and contiguous to the city. Middleton v. McGee (1988), 39 Ohio St.3d 284
. The gravamen of appellant's argument centers around the lack of one hundred percent assent by the landowners of the subject property and the creation of islands. As is pointed out by appellees, two out of the three landowners approved the petition and as noted during the Board's hearing, these two landowners own approximately eighty-five percent of the subject property. T. at 14. The third landowner did not oppose the annexation. T. at 14-15. There is no statutory or legal precedent that requires one hundred percent assent by the landowners for the consideration of annexation. The general good issue which is primary to each annexation refers not to the general good of the remaining unannexed territory but to the property sought to be annexed. Smith v. Granville Twp. Bd. Of Trustees (1998), 81 Ohio St.3d 608; Middleton, supra. There is no evidence that there will be any detrimental affect upon the 9.62 acres nor is there any evidence of any detrimental affect upon the unannexed territory. As the Supreme Court of Ohio concluded in Smith, once the general good test is met, there is no contest that the decision was supported by a preponderance of substantial, reliable and probative evidence. The main issue argued by appellant and upon which the Board appears to have based its decision is the creation of islands. As we noted, this essentially speaks to the issue of unreasonable size. As set forth in appellant's brief at 8-9, the standard test in considering unreasonable size is found in In re Annexation of 1,544.61 Acres in Northampton Twp. (1984), 14 Ohio App.3d 231,233, quoting from Herrick v. Bd. of County Commrs. (January 23, 1980), Summit App. No. 9425, unreported, at 6: `(1) the geographic character, shape and size (acreage) of the territory to be annexed in relation to the territory to which it will be annexed (the city), and in relation to the territory remaining after the annexation is completed (the remaining Township area); * * *
 `(2) the ability of the annexing city to provide the necessary municipal services to the added territory. (Geographic as well as financial "largeness" may be considered.* * *)
 `(3) the effect on remaining township territory if annexation is permitted. If the territory sought to be annexed is so great a portion of the township's tax base that the annexation would render the remaining township incapable of supporting itself, then the Board might reasonably conclude the proposed annexation is unreasonably large, although such annexation would benefit the territory sought to be annexed.'
As it pertains to the facts sub judice, the three-prong test or the effect of size on the unannexed territory is appropriate to discuss in relation to the issue of islands. It must be noted that a territorial patchwork quilt of this area has been in existence for years. The city of Massillon and the townships of Perry and Jackson all meet and touch in the vicinity of the proposed annexation. This writer is well aware of other annexation issues involved in the immediate area. In fact, prior to this annexation petition, there was at least one island of township land created by a prior annexation (Harter Bank and Trust Company). As the trial court correctly noted, the Ohio Revised Code does not specifically delineate islands as an impediment to annexation. As quoted supra from the trial court's judgment entry "while islands are generally discouraged, their existence alone will not defeat a petition for annexation as long as the decision to create them was not unreasonable, illogical or arbitrary." Jefferson Twp. Bd. of Trustees, supra at 499. It is not unusual for islands to be created by annexation proceedings. Dabkowski, supra. The major objection to this annexation, apart from the red herring argument regarding a second annexation petition of lands adjacent to the subject property which has been dismissed, is that the city of Massillon is "gerrymandering." Jackson Township Trustee McKimm called the annexation petition a "threat," a "pillaging" and "gerrymandering." T. at 29. Appellant also argued "confusion." T. at 22. We note confusion over the territorial lines in the area existed before this petition was filed. Notably, appellant's position is fueled by "Jackson Pride" and preservation of the integrity of the township. T. at 28-30. However, the statutes and legal precedent do not recognize this as a legitimate bar to annexation. As the Supreme Court stated in Middleton, supra at 285, "it is the policy of the state of Ohio to encourage annexation by municipalities of adjacent territory." As is noted at the hearing, this issue is fraught with emotion, territoriality and politics. The issue of islands must be reviewed on the basis of reasonableness, not emotion. Upon review, we find no evidence that services will be hindered by the creation of township islands. The confusion brought up by Commissioner Watkins would not be to the safety or service forces but to residents. The subject property is one contiguous piece, a strip mall building and one out lot. The question as to confusion certainly does not apply to the owners of the subject property. The subject property is a northward extension of the city limits. An island existed in the area before this annexation petition and will exist after the annexation. We fail to find the creation of another island (TKL Company parcel) would be any more unreasonable than the unreasonableness of the political patchwork existing before this petition. Commissioner Watkins argued that two islands will be created. From our reading of the map submitted for our review and attached herein, we find the Hall, Schumacher and Emro Marketing properties do not form an island because the properties are adjacent to the townships through the Remlinger property. We cannot find that the creation of one more island to this patchwork of political subdivisions makes the petition sub judice unreasonable and arbitrary. We concur with the trial court that there was no showing of a lack of the general good to the territory to be annexed and that the size of the territory is unreasonable or arbitrary. Assignments of Error I and II are denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
GWIN, P.J. and WISE, J. concur.